IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GLENN PAGE, INDIVIDUALLY AND D/B/A GLENN PAGE CONSULTING, | § § § § | |
| Plaintiff, | § § | |
| v.. | § § | Civil Action No.  7:13-cv-00043-O |
| JIMMY CLEVELAND, INDIVIDUALLY AND D/B/A CLEVECO CONSULTING, | § § § § § | |
| Defendant. | § | |

## DEFENDANT JIMMY CLEVELAND, INDIVIDUALLY AND D/B/A CLEVECO CONSULTING'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE COURT:

COMES NOW, Defendant, Jimmy Cleveland, Individually and D/B/A Cleveco Consulting ("Defendant"), and files his Original Answer and Jury Demand to Plaintiff's Complaint, and in answer to Plaintiff's Complaint, would respectfully show as follows:

# I.   ADMISSIONS AND DENIALS

## JURISDICTION

1. Denied. The amount in controversy is $21,300.00, which does not exceed $75,000.00 so as to allow this court to exercise subject matter jurisdiction.

## FACTUAL BACKGROUND

2. Defendant admits that Cleveco Consulting hired Glenn Page to provide consulting work through Cleveco Consulting, working under Cleveco Consulting's Master Service Agreement with Hess Corporation. Defendant admits the parties agreed on a specific price for Page's services. Defendant admits that Page submitted invoices to Cleveco Consulting, who in turn submitted invoices to Hess Corporation for payment. Defendant denies that Page agreed, based on trust, to wait to receive payment from Cleveco Consulting until after Hess Corporation paid the invoices. Such agreement was agreed to as a result of arms-length contractual negotiations between Cleveco Consulting and Glenn Page. Defendant denies the remainder of paragraph 2.

3. Defendant admits that Defendant informed page of problems with certain expenses claimed by Page on invoices Page submitted to Hess Corporation. Defendant denies all other allegations in paragraph 3.

4. Defendant denies that Page is owed $146,051.97.

## CAUSES OF ACTION

**Count 1 – Breach of Fiduciary Duty**

5. Defendant incorporates the denials and admissions set forth in the preceding paragraphs.

6. Denied.

7. Denied.

8. Denied.

9. The allegation in paragraph 9 does not require a response. Fed. R. Civ. P. 8(b)(6).

10. Denied. Furthermore, the allegation asserted in paragraph 10 is a conclusion of law to which no further response is required.

11. The allegation in paragraph 11 does not require a response. Fed. R. Civ. P. 8(b)(6).

**Count 2-Fraud**

12. Defendant incorporates the denials and admissions set forth in the preceding paragraphs.

13. Denied in part, Defendant admits that Hess Corporation had problems with some of Page's invoices.

14. The allegations set forth in paragraph 14 are conclusions of law for which no response is required.

15. Denied. Further, the allegations set forth in paragraph 15 are conclusions of law for which no response is required.

16. Denied. Further, the allegations set forth in paragraph 16 are conclusions of law for which no response is required.

17. Denied. Further, the allegations set forth in paragraph 17 are conclusions of law for which no response is required.

18. Denied.

19. The allegation in paragraph 19 does not require a response. Fed. R. Civ. P. 8(b)(6).

20. Denied. Further, the allegation in paragraph 20 does not require a response. Fed. R. Civ. P. 8(b)(6).

21. The allegation in paragraph 21 does not require a response. Fed. R. Civ. P. 8(b)(6).

**Count 3-Breach of Contract**

22. Defendant incorporates the denials and admissions set forth in the preceding paragraphs.

23. Defendant admits that Defendant and Page had a contract. Defendant denies the remainder of paragraph 23.

24. The allegation in paragraph 23 does not require a response. Fed. R. Civ. P. 8(b)(6).

**Count 4-Unjust Enrichment**

25. Defendant incorporates the denials and admissions set forth in the preceding paragraphs.

26. Denied.  Furthermore, the allegations set forth in paragraph 26 are conclusions of law to which no response is required.

27. The allegation in paragraph 27 does not require a response. Fed. R. Civ. P. 8(b)(6).

28. Defendant denies paragraph 28 (a)-(f).

## II.   AFFIRMATIVE DEFENSES

A. Plaintiff repudiated the contract.

B. Plaintiff breached his duty to cooperate by refusing to accept payment, thereby interfering with Defendant's performance under the contract.

C. Plaintiff committed fraud.  Specifically, Plaintiff communicated that he would agree to wait for payment until Defendant received payment, knowing he intended to repudiate the agreed rate and sue Defendant.  Plaintiff also submitted false expense charges.

D. Plaintiff failed to mitigate his damages.

E. Defendant is entitled to an offset of $12,520.00.

### III. COUNTERCLAIMS

F. Plaintiff is liable to Defendant because he knowingly and intentionally breached the agreement by 1) submitting false expenses in an effort to defraud Defendant's client, Hess Corporation, 2) claiming to agree to wait until Defendant received payment from his client before requiring Defendant to pay Plaintiff for his services, and 3) refusing to accept payment at the agreed to rate despite numerous attempts by Defendant to perform his duties under the agreement

G. Plaintiff repudiated the agreement, breached the agreement, and committed fraud by submitting false invoices to Defendant.

H. Plaintiff breached its fiduciary duty it owed to Defendant.

I. Defendant has suffered damages as a result of Plaintiff's acts set forth in paragraphs A through C.

### IV. JURY DEMAND

J. Defendant hereby demands a trial by jury.

### V. PRAYER

K. For these reasons, Defendant asks the Court to do the following:

   a. Render judgment that Plaintiff take nothing.

    b. Dismiss Plaintiff's suit with prejudice.

    c. Assess costs against Plaintiff.

    d. Render judgment for Defendant and award Defendant attorney fees and interest.

    e. Award Defendant all other relief the court deems appropriate.

Respectfully submitted,

By:   /s/ Kathleen Brown
Kathleen Brown
TBN 24036275
Attorney at Law
1209 Bluff Street
Wichita Falls, TX 76301
Telephone: (940) 692-8220
Facsimile: (940) 692-8206
Email: kbrown@wf.net
**Attorney for Defendant**
**Cleveco Consulting L.L.C.**

## CERTIFICATE OF SERVICE

I, Kathleen Brown, hereby certify that on the 28th day of May, 2013, that a true, correct and unaltered copy of the foregoing document together with any and all attachments and/or exhibits referenced therein were served, via ECF

Brett L. Myers
Attorney at Law
SBN: 00788101
David,Goodman & Madole, P.C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, TX   75240

/s/ Kathleen Brown
Kathleen Brown

DEFENDANT'S ORIGINAL ANSWER   Page **7** of **7**
X:/Clients/Cleveco/Answer