IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

§
GLENN PAGE, Individually and d/b/a      §
PAGE CONSULTING,                        §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        Civil Action No. 7:13-cv-00043-O
                                        §
JIMMY CLEVELAND, Individually and       §
d/b/a CLEVCO CONSULTING,                §
                                        §
        Defendant.                      §
                                        §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Glenn Glen Page's Motion for Partial Summary Judgment, filed

December 29, 2013 (ECF No. 20).  Having considered the motion, response, reply, record, evidence

and applicable law, and for the reasons stated herein, the Court denies the motion.

I.      **Facts and Procedural Background**[1]

Defendant Jimmy Cleveland ("Cleveland") is the sole proprietor of Clevco Consulting, which

provides consulting services to well operators or owners and oversees oil drilling on various drilling

rigs.  *See* Def. App. in Supp. Resp. to Pl. Mot. for Partial Summ. Judg. ("Def. App.") at 4, Ex. A,

Cleveland Decl. at 4 (ECF No. 25).  Plaintiff Glenn Page ("Page") is the sole member of Glenn Page

Consulting, L.L.C., and is an oil field consultant who performs work on oil rigs.  Pl. App. in Supp.

of Mot. for Partial Summ. Judg. ("Pl. App.") at 1, Page Decl. at 1, ¶ 2 (ECF No. 22).  Cleveland has

provided consultation to Hess Corporation ("Hess") since 2010, and had in place a Master Service

---

[1]In setting forth the material facts, the Court applies the legal standard applicable to motions for
summary judgment, as recited by the Court in Section II of this memorandum opinion.

Agreement ("MSA") with Hess dated March 15, 2012. Def. App. at 4, Cleveland Decl. at 4. Hess would not allow contractors to work for them without entering into such an agreement and obtaining liability insurance. *Id.*

In or around April 2012, Hess acquired the Precision 562 land rig in North Dakota. Pl. App. at 4, Page Decl. at 2, ¶ 4. On or about April 17, 2012, Page and Cleveland entered into an oral agreement under which Page agreed to perform oil field services for Cleveland at Precision 562. Def. App. at 5-6, Cleveland Decl. at 5-6. Cleveland informed Page that although Hess normally paid $1750.00 per 12 hour shift plus approved expenses, Cleveland would pay Page $1,450.00 per 12 hour shift, charging Page a day rate of $300.00 per day because Page did not have his own MSA with Hess or liability insurance, but agreed to work under Cleveland's MSA. *Id.* at 5, Cleveland Decl. at 5. Cleveland testifies: "If a subcontractor works under my MSA, I charge a day rate to offset not only the cost of acquiring insurance, but the costs associated with advertising Clevco Consulting services, and the costs of 'good will' I have built over the years with these companies." *Id.*

Page submitted invoices for payment on May 1, 2012, May 30, 2012, June 7, 2012, June 26, 2012, July 25, 2012 and August 15, 2012. Pl. App. at 6, Page Decl. at 4, ¶ 9 and Exs. A1 through A6 – copies of invoices. The amount owed in each invoice is calculated based on a daily rate of $1750.00 per day. *See id.* Cleveland tendered payments to Page at the agreed rate of $1450.00 per day on or about June 1, 2012, July 26, 2012 and August 15, 2012, but Page refused to accept payment at the agreed upon rate. *See* Def. App. at 6-7, Cleveland Decl. at 6-7; *id.* at 27 (Ex. A-12, redacted bank statement reflecting July 26, 2012 payment to Page and Page's re-deposit of funds in Cleveland's bank account; A–13, copy of check written to Page on June 1, 2012, which was never negotiated). Page's refusal to accept the July 26, 2012 wire transfer resulted in a $20 charge to

Cleveland by his bank.  Def. App. at 7, Ex. A, Cleveland Decl. at 7, ECF No. 25.  With regard to the

August 15, 2012 payment, Cleveland attempted to pay Page all amounts owed, but Page refused

payment.  *See id.* at 7, Cleveland Decl. at 7.

Page was terminated from employment on August 15, 2012.  Pl. App. at 8, Page Decl. at 6,

¶ 15.  On April 12, 2013, Page filed this lawsuit against Cleveland for breach of fiduciary duty,

fraud, breach of contract and unjust enrichment.  Compl., ECF No. 1.  On May 25, 2013, Cleveland

filed his Original Answer, raising affirmative defenses of repudiation, breach of the duty of

cooperation, fraud and failure to mitigate damages, as well as counterclaims for breach of contract,

repudiation and breach of fiduciary duty.  Answer, ECF No. 9.  On December 29, 2013, Page filed

a motion for partial summary judgment on his claim for breach of contract, and on Cleveland's

counterclaims.  The parties have briefed the issues, and the motion is ripe for adjudication.

## II.     Legal Standard

Summary judgment is proper when the pleadings and evidence on file show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material."  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The

movant makes a showing that there is no genuine issue of material fact by informing the court of the

basis of its motion and by identifying the portions of the record which reveal there are no genuine

material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all

reasonable doubts and inferences in the light most favorable to the non-movant.  *See Walker v. Sears,*

*Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988).   The court cannot make a credibility determination in light of conflicting evidence or competing inferences.   *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### III.    Analysis

Page has moved for partial summary judgment, arguing that Cleveland has failed to raise a genuine issue of material fact as to both his liability for breach of contract, and as to damages to support his counterclaims.   The Court turns first to Page's arguments in support of his motion for summary judgment on his breach of contract claim.

#### A.      Page's Breach of Contract Claim

Page argues that he is entitled to summary judgment as to Cleveland's liability for breach of contract.   Page concedes that fact issues preclude summary judgment as to the amount Page is entitled to recover from Cleveland on account of Cleveland's alleged breach.   Reply at 4 ("The only question remaining is how much money Page is entitled to recover from Cleveland").[2]

"A breach of contract claim under Texas law requires proof of four elements: (1) the existence of a valid contract, (2) plaintiff's performance of duties under the contract, (3) defendants' breach of contract, and (4) damages to plaintiff resulting from the breach."   *Orthoflex, Inc. v.*

---

[2]Although Page testifies in support of his summary judgment motion that Cleveland agreed to pay him $1750.00 per day, at the summary judgment stage, the Court must view all evidence in the light most favorable to the non-moving party, in this case Cleveland. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). Moreover, the court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, the ultimate issue of whether Page and Cleveland agreed to a rate of $1750.00 per day or $1450.00 per day is a question of fact for the jury.

4

*Thermotek, Inc.*, ___ F. Supp. 2d ___, 2013 WL 6061346, at *4 (N.D. Tex. 2013) (Fitzwater, C.J.) (and cases cited therein).  "A breach occurs when a party fails or refuses to do something or perform something he promised to do."  *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.— Houston [1st Dist.] 2003, pet. denied.  A party's nonperformance of a contract will be excused when that party's performance is prevented by the other party.  *Id.*  (and cases cited therein).

In opposition to Page's motion, Cleveland contends that there is "sufficient evidence to show that [he] attempted to perform on several occasions, but each time Plaintiff refused performance."  Def. Memo. in Resp. to Pl. Mot. for Summ. Judg. at 4, ¶ 17, ECF No. 24.  Cleveland further argues that "[w]hen there is a dispute concerning the failure of a party to comply with the contract, the court should submit the disputed fact question to the jury."  *See id.* (and cases cited therein).  The Court agrees.

Competent summary judgment evidence supports Cleveland's argument that, following receipt of invoices from Page, he attempted to perform under the contract by tendering payments to Page on or about June 1, 2012, July 26, 2012 and August 15, 2012 (at the rate of $1450.00 per day), but that Page prevented Cleveland from performing his obligations under the contract by refusing payment.  *See* Def. App. at 6-7, Cleveland Decl. at 6-7; *id.* at 27 (Exs. A-12, A–13, Bank documents reflecting June 1, 2012 and July 26, 2012 payments).  With regard to the August 15, 2012 payment, Cleveland testifies that he attempted to pay Page all amounts owed, but that Page refused payment. *See id.* at 7, Cleveland Decl. at 7.

Having reviewed the evidence and applicable law, the Court concludes that Cleveland has raised a genuine issue of material fact regarding whether he was in breach of the parties' agreement, or whether Page prevented him from fulfilling his obligations under the agreement.  In light of this

fact issue, the Court denies Page's motion for partial summary judgment on his breach of contract claim.

> ### B.    Cleveland's Counterclaims

Cleveland has asserted counterclaims for breach of contract, repudiation and breach of fiduciary duty.  *See* Answer, ECF No. 9.  Page argues he is entitled to summary judgment on the counterclaims because "there is no way Cleveland can establish damages related to any conduct by Page."  Page Motion at 2, ECF No. 20; Page Memo. in Supp. of Mot. at 4, ECF No. 21 ("Because Cleveland cannot establish that Page has caused him damages, Cleveland cannot establish the essential element of any claim he might have against Page.").  For purposes of summary judgment, Cleveland does not have to "establish" damages at this juncture, but need only raise a genuine issue of material fact that he suffered damages.  *See Anderson*, 477 U.S. at 248.  In his Declaration filed in support of his response to Page's motion for partial summary judgment, Cleveland testifies:

> On July 26, 2012, I wired to Mr. Page $24,800.21 to pay him for invoice #2, but he returned that payment to me.  *See* Exhibit A-12.  Because he returned the wire transfer to me, I lost $20.00 associated with transferring payment to him for the day rate charge of $1450.00/day, which I had relied upon in calculating the correct payment.

Def. App. at 7, Cleveland Decl. at 7.  In addition, Cleveland has submitted a bank statement reflecting the July 26, 2013 wire transfer to Page in the amount of $24,800.21, and a return of the wire transfer in the amount of $24,780.21, reflecting a $20.00 charge for the return of the wire transfer.  *Id.* at 27,  Ex. A-12.  Viewing this evidence in the light most favorable to the non-moving party, Cleveland, the Court finds that Cleveland has submitted evidence from which a reasonable juror could conclude he suffered monetary damages based on Page's refusal to accept the July 26,

6

2012 wire transfer.  Accordingly, the Court denies Page's motion for partial summary judgment on Cleveland's counterclaims.

## IV.  Conclusion

Based on the foregoing, the Court **denies** Page's Motion for Partial Summary Judgment. This matter is set for a jury trial on the Court's four-week trial calendar commencing on April 21, 2014.

**SO ORDERED** this **13th day** of **February, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**